UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MAX RAY BUTLER** | : | **CIVIL ACTION NO. 2:17-cv-0559** |
| B.O.P. # 09954-011 | | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **CALVIN JOHNSON** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Max Ray Butler, who is proceeding *pro se* in this matter. Butler is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Adelanto, California. However, he was incarcerated at the Federal Correctional Center at Oakdale, Louisiana when he instituted this action. Doc. 1.

This matter has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.
BACKGROUND

Butler seeks expungement of a prison disciplinary proceeding arising from an altercation that occurred on January 29, 2014, when he was incarcerated at the Federal Correctional Institute at Big Spring, Texas. *See* doc. 17, att. 3, pp. 21–23. Following an investigation, an incident report issued on March 13, 2014, charging him with a violation of Prohibited Act Code 201: Fighting with Another Person. *Id.* The matter was referred to the Disciplinary Hearing Officer ("DHO") for

a hearing, which took place on March 20, 2014. *See id.* at 13–19. The DHO concluded that Butler had committed the charged offense and sentenced him to 90 days without commissary, phone, email, or visitation privileges and the loss of 27 days of good conduct time. *Id.* at 18–19. Butler appealed his disciplinary conviction through the BOP's administrative remedies procedure. His claims were rejected on the merits at the regional and central levels. *Id.* at 27–28, 30.

Butler now brings the instant habeas petition. He seeks expungement of his disciplinary conviction, which would result in the restoration of his good conduct time. Doc. 1. As grounds for relief, he alleges that (1) he was denied his right to call a witness at the DHO hearing and (2) the evidence was insufficient to sustain his conviction/was improperly weighed by the DHO. *Id.*

## II.
## LAW & ANALYSIS

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 Butler must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas challenge to a disciplinary proceeding, an inmate must show that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). It is assumed that federal prisoners have a liberty interest in their accumulated good conduct time. *See, e.g.*, *Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Watkins v. Lnu*, 547 Fed. App'x 409, 410 (5th Cir. 2013) (unpublished). Thus, because a loss of good conduct time is involved in this proceeding, the Supreme Court's analysis in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985), governs our review. In order for a prison disciplinary proceeding to comport with the requirements of due

process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that on review, "some evidence" support the ruling. *Hill*, 105 S.Ct. at 2773–74; *Wolff*, 94 S.Ct. at 2978–80.

Butler alleges that his proceeding fell short of these requirements because he was denied an opportunity to present evidence (witness testimony) and there was insufficient evidence to support the ruling, based on witness discrepancies, the lack of medical evaluation, and the DHO's improper weighing of the evidence. Doc. 1, pp. 6–8.

### 1. *Denial of witness*

Butler alleges that the DHO denied him his right present evidence by preventing him from calling one of his requested witnesses. Doc. 1, pp. 6–7. Specifically, he maintains that he needed a certain inmate as a witness but that this inmate was substituted with another despite the fact that Butler had given his name to the Unit Disciplinary Committee before the hearing. Doc. 1, att. 2, p. 3.

As a matter of due process, the prisoner's right to present evidence in a disciplinary proceeding is not unbounded. The Court noted in *Wolff*:

> Ordinarily, the right to present evidence is basic to a fair hearing; but the unrestricted right to call witnesses from the prison population carries obvious potential for disruption and for interference with the swift punishment that in individual cases may be essential to carrying out the correctional program of the institution. We should not be too ready to exercise oversight and put aside the judgment of prison administrators. It may be that an individual threatened with serious sanctions would normally be entitled to present witnesses and relevant documentary evidence; but here we must balance the inmate's interest in avoiding loss of good time against the needs of the prison, and some amount of flexibility and accommodation is required. Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well

>   as to limit access to other inmates to collect statements or to compile other documentary evidence.

94 S. Ct. at 2979–80.

The DHO report is redacted as to the witnesses requested. Doc. 17, att. 3, pp. 14–15. The regional director, who apparently had access to the unredacted report, notes that "the DHO explains that an inmate with the same name was called; however, it was the wrong inmate due to the uncertainty of the register number. Also, an attempt was made to contact the correct inmate, but the inmate had transferred." *Id.* at 27. The central office upheld the regional director's decision. *Id.* at 30.

The applicable regulation provides that the DHO "will call witnesses who have information directly relevant to the charge(s) and who are reasonably available." 28 C.F.R. § 541.8(f)(2). Witnesses may, at the DHO's discretion, appear by video or telephone conferencing or may provide written statements. *Id.* at § 541.8(f)(1) and (4). However, the inmate's requested witnesses may be barred from appearing if the DHO determines, in his discretion that "they are not reasonably available, their presence at the hearing would jeopardize institution security, or they would present repetitive evidence. *Id.* at 541.8(f)(3).

Butler fails to refute the finding that his witness was unavailable based on the late discovery that he was no longer at that facility. Additionally, while he claims that he gave sufficient information to locate the witness ahead of time, he provides nothing to refute the statement that the correct register number for his witness was not provided, thereby preventing the staff representative or the DHO from ascertaining the witness's availability in time for the hearing. Finally, the DHO's findings, summarized infra, reflect that statements from other witnesses provided by Butler were introduced on his behalf and considered at the proceeding. *See* doc. 17, att. 3, p. 18. Accordingly, under *Wolff*'s balancing standards above, Butler cannot show that the

-4-

limitation on his ability to present testimony from the transferred witness amounted to a violation of due process.

### 2. *Evidence to support the ruling*

Butler's remaining challenges – based on exculpatory evidence missed by the lack of medical evaluation, the discrepancies in witness testimony, and the weight accorded by the DHO to the evidence – is only cognizable under *Wolff* as an allegation that the DHO's decision was not supported by "some evidence." In determining whether this standard is met, we do not make an independent assessment of the credibility of witnesses or weigh the evidence. *Hill*, 105 S.Ct. at 2774. Instead, our review is "extremely deferential" and the disciplinary proceeding is overturned "only where no evidence in the record supports the decision." *Morgan v. Dretke*, 433 F.3d 455, 458 (5th Cir. 2005); *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).

In her findings the DHO noted Butler's admission that he had had a verbal altercation with inmate Sledge in a restroom on January 29, 2014, as well as documentary evidence and testimony from multiple BOP staff members that Sledge received injuries to his face that day, which Sledge attributed to a fall in the restroom. Doc. 17, att. 3, pp. 17–18. Photographs of Butler from that date showed no injuries. *Id.* at 18. The DHO also recorded Butler's statement and those of unnamed witnesses, denying a fight with Sledge but admitting that Butler had defended himself. *Id.* at 18; *see id.* at 14 (summary of Butler's statement). The DHO then concluded that she did not find Butler's claim of self-defense credible. *Id.* at 18. She noted that inmates often used the restroom for physical altercations, given the lack of cameras, and that Butler's decision to enter the restroom alone with Sledge was at odds with his claimed fear of him. *Id.* She also observed the injuries to Sledge and lack of injuries to Butler. *Id.*

The above findings show more than adequate support for the DHO's finding that Butler committed Prohibited Act Code 201, Fighting with Another Person. He therefore fails to show a due process violation and is not entitled to habeas relief based on his disciplinary proceeding.

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 11th day of June, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE