# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **MAX RAY BUTLER** | **CIVIL ACTION NO. 17-559** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **CALVIN JOHNSON** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Max Ray Butler ("Petitioner") is before the Court on a Motion for Reconsideration (Record Document 26) of the Court's Judgment (Record Document 25) adopting Magistrate Judge Hayes's Report and Recommendation ("R&R") dismissing Petitioner's Petition for Writ of Habeas Corpus (Record Document 1), filed pursuant to 28 U.S.C. § 2241. For the reasons set forth below, Petitioner's Motion for Reconsideration (Record Document 26) is **DENIED**.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration per se; however, the Fifth Circuit has recognized that such motions may challenge a judgment or order under Rules 54(b), 59(e), or 60(b). See, e.g., Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc., 921 F. Supp. 2d 548, 564 (E.D. La. 2013). When the motion for reconsideration concerns a final judgment, as in the current case, Rules 59 and 60 apply. The timing of the motion affects the standard to be applied to the motion. If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. See Duplechain v. Neustrom, No. CV 6:15-2433, 2019 WL 1598155,

at *2 (W.D. La. Apr. 15, 2019) (citing Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n. 1 (5th Cir. 2004)). Here, Defendant filed his Motion for Reconsideration outside of the 28-day period required for a Rule 59(e) motion. Accordingly, the Court will construe the motion as one under Rule 60(b) of the Federal Rules of Civil Procedure, under which the Court may relieve a party from a final judgment for the following reasons:

> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable, diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud, misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

## ANALYSIS

Petitioner argues that the Court committed multiple errors by adopting Magistrate Judge Hayes's R&R. As a result, he argues, he is entitled to relief from the Court's Judgment (Record Document 25). First, he argues that "one of the most important errors is the false statement that [Petitioner] did not deny fighting." Record Document 26. However, it is unclear what Petitioner is objecting to, as the R&R never states that Defendant did not deny fighting. In fact, the R&R adopted by the Court clearly states that, "[t]he DHO also recorded Butler's statement . . . denying a fight with Sledge but admitting that Butler had defended himself." Record Document 18 at 5. Therefore, this argument is rejected.

Second, Petitioner cites two cases regarding the inability of one of his witnesses to testify at the DHO hearing. The first case he cites is Pace v. Oliver, 634 F.2d 302 (5th Cir. 1981). Petitioner argues that this case stands for the proposition that the "refusal to

call a witness is an arbitrary decision with civil liability." Record Document 26. However, the Court has reviewed this case and finds that the case has no relation to the current case. In fact, the cited case does not deal with a witness's inability to call a witness at all.

The second case that Petitioner cites is Graham v. Baughman, 772 F.2d 441 (8th Cir. 1985). This case is cited for the proposition that "prison officials may not arbitrarily deny an inmate's request to present witnesses . . . ." Id. In Graham, the Eighth Circuit held that a prisoner's due process rights were violated when an investigator failed to "contact or interview any of [the defendant's] witnesses" for purposes of the prisoner's disciplinary hearing. Id. In the current case, statements from multiple witnesses provided by Petitioner were introduced on his behalf and considered at the proceeding. See Record Document 18 at 4. Additionally, although one of the witnesses Petitioner sought to call did not testify, this was not the result of an arbitrary decision by the DHO. In fact, "an inmate with the same name was called; however, it was the wrong inmate due to the uncertainty of the register number. Also, an attempt was made to contact the correct inmate, but the inmate had transferred." Record Document 18 at 4. Therefore, Graham is easily distinguishable from the case at bar.

Although Petitioner argues that there were "other blatent [sic] errors," he does not expressly include them in his motion. See Record Document 26. Additionally, the Court has found no reasons of its own to reconsider its Judgment (Record Document 25) adopting Magistrate Judge Hayes's R&R (Record Document 18). As such, the Motion for Reconsideration (Record Document 26) is denied.

## CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Petitioner's Motion for Reconsideration (Record Document 26) is hereby **DENIED**. A judgment consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 10th day of June, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT